UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

SEAN D. CRAWFORD,
    Defendant.

Criminal No. 11-129-08 (CKK)

## **MEMORANDUM OPINION**
(May 4, 2018)

Defendant Sean D. Crawford ("Defendant" or "Mr. Crawford") is presently serving a sentence of 96 months imprisonment, having pled guilty to one count of Conspiracy to Distribute and Possession with Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii), and one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment Exceeding a Term of One Year, in violation of 18 U.S.C. § 922(g)(1). *See* March 27, 2012 Judgment, ECF No. 216. Proceeding *pro se*, Mr. Crawford filed a motion pursuant to 18 U.S.C. § 3582(c)(2), asking this Court to reduce his term of imprisonment due to Amendment 782 to the United States Sentencing Guidelines ("Guidelines"), which retroactively lowered the base offense levels for most drug offenses. *See* Defendant's Motion for Reduction of Sentence (Def.'s Mot. for Reduct. of Sent."), ECF No. 933 (docketed as "Retroactivity Prep Documents"). Also pending before this Court is Mr. Crawford's motion pursuant to 18 U.S.C. § 3621(b), which requests that this Court to recommend a longer halfway house placement in connection with the conclusion of Mr.

1

Crawford's incarceration.[1] *See* Defendant's Motion Requesting a Judicial Recommendation Concerning the Length of RRC/Halfway House Placement ("Def.'s Mot. for Judicial Recommend.") ECF No. 953. The Government filed its [979] [consolidated] Opposition to Mr. Crawford's motions ("Govt. Opp'n."), and Mr. Crawford was afforded the opportunity to file a reply, but he did not do so.[2] For the reasons set forth herein, Defendant's Motion for Reduction of Sentence and Defendant's Motion Requesting a Judicial Recommendation are DENIED.

<u>Motion for Reduction of Sentence</u>

The Supreme Court's decision in *Dillon v. United States* recognized a two-part test for district courts to utilize in analyzing a criminal defendant's request for a sentence reduction: (1) determine the defendant's eligibility for a sentence modification and the extent of any authorized reduction; and (2) consider any applicable factors under 18 U.S.C. § 3553(a) and determine whether a reduction is warranted in whole or in part under the circumstances of the case. *Dillon*, 560 U.S. 817, 827 (2010). Pursuant to 18 U.S.C. § 3582(c), courts may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C.] section] 3553(a) to the extent that they are applicable" and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10 (Reduction in Term of Imprisonment as a Result of Amended Guideline Range) ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has

---

[1] Amendment 782, made retroactive by Amendment 788, reduced by two the offense levels assigned in the Drug Quantity Table in U.S.S.G. Section 2D1.1(c). *See United States v. Butler*, 130 F. Supp. 3d 317, 319-20 (D.D. C. 2015) (discussing the effect of Amendment 782).
[2] Pursuant to the Court's request, the Probation Office filed a Memorandum ("Prob. Mem."), ECF No. 978, analyzing the effect of Amendment 782 on Mr. Crawford's sentence.

subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)"). U.S.S.G. § 1B1.10(b)(2)(A) provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." Accordingly, a defendant is eligible for a reduction under § 3582(c) only if (1) the defendant's term of imprisonment was based on a sentencing range that has subsequently been lowered by a retroactive amendment to the Guidelines, and (2) the reduction does not result in a sentence that is less than the minimum of the amended guideline range.[3] *Dillon*, 560 U.S. at 826-27; *see also United States v. Wyche*, 741 F.3d 1284, 1292 (D.C. Cir. 2014) (noting that the district court employs a limited, two-step inquiry). Here, Defendant does not satisfy the second requirement.[4]

Defendant is correct in his assertion that he was sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the Sentencing Commission. At the time the Defendant was sentenced, his advisory guideline range was 120-150 months, based on a total offense level of 27, with a criminal history category of V. At sentencing, the Court departed

---

[3] There is an exception to this second prong for defendants who received a downward departure based upon provision of substantial assistance, but that exception does not apply in the instant case.

[4] The fact that Defendant's sentence was based on a Rule 11(c)(1)(C) plea agreement does not categorically bar a Section 3582(c) motion. *See Freeman v. United States*, 584 U.S. 522 (2011); *see also United States v. Epps*, 707 F.3d 337 (D.C. Cir. 2013). In *Epps*, this Circuit analyzed whether the defendant's sentence was "based on" the Guidelines sentencing range, noting that:

> In light of the [Sentencing Reform] Act, Rule 11(c)(1)(C)'s requirement for court approval, and the instructions in applicable Guidelines policy statements, the plurality in *Freeman* interpreted § 3582(c)(2) to mean that the focus, even when there is a Rule 11(c)(1)(C) plea agreement, ought to be on the reasons given by the district court for accepting the sentence that it ultimately imposed, not on the parties' agreement.

707 F.3d at 351 (citing *Freeman*, 131 S. Ct. at 2694 (plurality opinion)).

3

from the advisory guidelines and imposed a sentence of 96 months incarceration and five years of supervised release. Amendment 782 lowers the total offense level for Defendant's drug offense by two points, from 27 to 25. *See* U.S.S.G., Supplement to Appendix C, Amendment 782 (November 1, 2014); U.S.S.G. § 1B1.10(d). The amended guideline range would be 100-125 months. In this case, Defendant's current sentence of 96 months is already less than the minimum of the amended guideline range, and therefore, he is not eligible for any reduction in his current sentence.

The Government asserts that even assuming *arguendo* Defendant satisfied the first prong and was eligible for a sentence reduction, the Court must then move to the second prong, which involves consideration of the factors in Section 3553(a) to determine if such reduction is warranted. The Government emphasizes that: (1) Defendant was convicted of participating in a conspiracy to distribute multiple kilograms of cocaine and possession of a loaded semi-automatic pistol; (2) Defendant had a prior criminal history, including a conviction for vehicular homicide; (3) and Defendant's involvement in drug sales negatively impacted the community. The Government concludes that Defendant would not be entitled to a sentence reduction because his sentence was warranted because of his conduct in this case and his prior criminal conduct, and there is a need to deter the Defendant from engaging in other criminal activity.[5] The Court notes that it need not reach this second prong because the Defendant is not eligible for a reduction of his sentence under the first prong, and accordingly, Mr. Crawford's Motion for Reduction of Sentence is DENIED.

<u>Motion Requesting Judicial Recommendation on RRC/Halfway House Placement</u>

Pursuant to the Second Chance Act of 2007 ("SCA"), Pub. L No. 110-199, 122 Stat. 657

---

[5] According to the Probation Office, while incarcerated, Mr. Crawford incurred a disciplinary incident involving violation of visiting regulations, and he lost visiting privileges for forty-five days. *See* Prob. Memo., ECF No. 978, at 2.

(2008):

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1); *see also* 18 U.S.C. § 3621(c)(6) (placement in a community correctional facility by the BOP must be "conducted in a manner consistent with section 3621(b)" and "determined on an individual basis," and "of sufficient duration to provide the greatest likelihood of successful reintegration into the community").

Defendant is currently housed at the Federal Correctional Institution Elkton ("FCI Elkton") in Lisbon, Ohio, and he requests that this Court provide a recommendation to the Bureau of Prisons for a halfway house placement for a period of over six months and up to one year. *See* 18 U.S.C. §§ 3621(b)(4)(A), 3621 (b)(4)(B) (In designating the place of the prisoner's imprisonment, one factor which the BOP considers is any "statement by the court that imposed the sentence" regarding the "purposes for which the sentence to imprisonment was determined to be warranted" or "recommending a type of penal or correctional facility[.]") Defendant's projected release date in November 17, 2018, and according to the BOP, Mr. Crawford is expected to be transferred to Hope Village, a halfway house in Washington, D.C., in mid-summer of 2018. *See* Govt. Opp'n. at 2.

Defendant's request for a judicial recommendation is based on the following assertions: (1) his employment history is insubstantial, and he would receive retraining assistance at a federal RRC; (2) rehabilitative programming at FCI Elkton has been "virtually non-existent"; (3) he has expressed remorse regarding the commission of criminal offenses; (4) he would benefit from community-based addiction aftercare in a halfway house; and (5) he has participated in a number

5

of BOP programs to prepare for his release and aid in rehabilitation, including welding, computer basics, and custodial maintenance. *See* Def.'s Mot. for Judicial Recommend., ECF No. 953, at 3-4; Prob. Mem., ECF No. 978, at 2.

Pursuant to 18 U.S.C. § 3621(b), the BOP "shall designate the place of . . . imprisonment" of a person committed to BOP custody, and while a sentencing court may "recommend[ ]" a particular "type of penal or correctional facility," such a recommendation has "no binding effect on the authority of the Bureau . . . to determine or change the place of imprisonment of [any] person." Defendant concedes that any recommendation by the Court to the BOP would be purely advisory.

The Government acknowledges that Section 3624(c)(1) does provide for up to twelve months of halfway house placement, but asserts that six months of placement is presumptively sufficient. *See Bernard v. Roal*, 716 F. Supp. 2d 354, 359-60 (S.D.N.Y. 2010) (examining two memoranda originating from the BOP which support a six month placement unless the BOP determines otherwise and conditioning such approval of placement beyond six months on a showing of an inmate's extraordinary and compelling re-entry needs). In *Bernard*, the court noted the discretion afforded to the BOP to determine the length of re-entry placement under the Second Chance Act. *Id.* at 369.

A prisoner who believes that he is entitled to receive more than six months in a halfway house generally needs to first exhaust his administrative remedies, and then, if necessary, bring a habeas petition in the district where he is incarcerated. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (Because the prisoner "asked the District Court to direct the BOP to provide him with the maximum 12-month RRC placement, he was not merely challenging the construction of the Second Chance Act, or the BOP's implementation of the Federal prisoner reentry initiative

[and so] [e]xhaustion was required . . ."); *see also Garza v. Davis*, 696 F.3d 1198 (10th Cir. 2010) (affirming the district court's dismissal of a prisoner's habeas petition, which challenged the BOP's denials of transfers to lower-security facilities pursuant to the Second Chance Act, for failure to exhaust administrative remedies). In *Vasquez*, the prisoner's habeas petition was dismissed for his failure to exhaust administrative remedies, although the court also indicated that the petition lacked merit because there was no abuse of discretion by BOP. *Id.* at 434. In the instant case, the Court has no information as to whether or not Mr. Crawford has attempted to exhaust his administrative remedies and/or filed a habeas petition in the district where he is incarcerated. Mr. Crawford's Motion requesting a Judicial Recommendation makes no mention of any attempt to exhaust administrative remedies, nor did Defendant reply to the Government's Opposition, which informs the Defendant that prisoners must generally follow these steps to challenge a decision by the BOP.

The Government asserts that even if the Court were to consider the merits of Mr. Crawford's request, "the defendant has failed to identify compelling reasons why BOP should deviate from its general policy, and the Court should not recommend that it do so. " Govt. Opp'n at 9-10; *see Vasquez*, 684 F. 3d at 434 (the BOP did not abuse its discretion in reaching a determination that a 5 to 6 month placement —as opposed to the requested 12 month placement — was of sufficient duration after considering the factors set forth in Section 3621(b)). In the instant case, Mr. Crawford has not demonstrated that he has exhausted his administrative remedies regarding the BOP decision nor has he proffered compelling reasons for this Court to recommend a placement over and above what has been proposed by the Bureau of Prisons, and thus, no advisory recommendation by this Court is forthcoming and the Defendant's Motion Requesting a

Judicial Recommendation is DENIED. A separate Order accompanies this Memorandum Opinion.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge